```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

JORDAN TYLER WOOD,              *
                                *
     Petitioner,                *
                                *   CIVIL ACTION NO.15-00374-CB-B
vs.                             *
                                *
HOSS MACK,                      *
                                *
     Respondent.                *
```

## Report and Recommendation

This case is before the Court on Petitioner Jordon Tyler Wood's habeas corpus petition (Doc. 1), filed pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After a careful review of the petition and record, the undersigned finds that the record is adequate to dispose of this matter; thus, no evidentiary hearing is required. Upon consideration, it is recommended that Wood's petition be **dismissed** as moot, as Wood is no longer in custody.

### I. BACKGROUND FACTS

Wood filed the instant habeas petition on July 21, 2015[1] while a pre-trial detainee at the Baldwin County Correctional

---

[1] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001).

Center. (Doc. 1 at 1). In his petition, Woods names Sheriff Hoss Mack as the sole Defendant, and alleges that police officers from the City of Fairhope, Alabama came to his grandparents' house on June 20, 2015, said they were investigating the "egging" of a neighbor's house and then sought to provoke Wood so that they would have probable cause to arrest him. (Id. at 10-12). Wood contends that the officers had no grounds to enter his grandparents' house, and that they violated his Fourth Amendment rights. Wood indicates that he was arrested and charged with disorderly conduct.  For relief, Wood requests an order directing the Baldwin County District Attorney to dismiss the charges against him, and directing Sheriff Hoss Mack to release him from jail. (Id. at 10-14).  While Wood was incarcerated at the Baldwin County jail at the time he filed this action, on August 21, 2015, he provided the Court written notification of a "free world" address. (Docs. 1, 2). Per the notice, Wood is no longer incarcerated at the Baldwin County jail.

Because Wood is no longer in custody, the Court issued, on September 4, 2015, an order directing Wood to show cause by September 18, 2015 why this action should not be dismissed as moot. (Doc. 3). To date, Wood has not responded to the order, nor has he sought an extension of time in which to do so. Because there is no longer an active case or controversy, the

2

undersigned recommends that this petition be **DISMISSED** as moot.

## II. ANALYSIS

Article III, § 2 of the United States Constitution requires the existence of a case or controversy throughout all stages of federal judicial proceedings.  This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be addressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990); Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehabilitative Serv., 225 F.3d 1208, 1217 (llth Cir. 2000)("A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.").  If an event occurs subsequent to the filing of a lawsuit, which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. De La Teja v. U.S., 321 F.3d 1357, 1362 (llth Cir. 2003).

In order to seek federal habeas relief, a petitioner must be "in custody." See, e.g., Maleng v. Cook, 490 U.S. 488, 491, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (citing 28 U.S.C. § 2241(c)). While release from custody often moots a habeas petition, thereby depriving the court of a case or controversy to resolve, a petitioner who faces future collateral

consequences as a result of a challenged conviction does not have a moot petition. See Lane v. Williams, 455 U.S. 624, 632, 102 S. Ct. 1322, 71 L. Ed. 2d 508 (1982); Flournoy v. McSwain-Holland, 2014 U.S. Dist. LEXIS 109848 (M.D. Ala. July 15, 2014). In the instant case, Wood acknowledges that he has been released from custody. Further, although Wood has been provided an opportunity to do so, he has not alleged, let alone offered any evidence that suggests that he has been convicted or that he faces collateral consequences as a result of a conviction. Accordingly, this action has been rendered moot as a result of Wood's release from pretrial detention.

### III. CONCLUSION

The undersigned Magistrate Judge thus recommends that Wood's petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be **DISMISSED** as moot.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

4

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **16th** day of **October, 2015.**

                                          /S/ SONJA F. BIVINS
                              **UNITED STATES MAGISTRATE JUDGE**